UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JUAN SOLANO, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

STRONGHEALTH NETWORK PLLC, a Florida Limited
Liability Company, BLUELAGOON TRANSPORTATION LLC,
a Florida Limited Liability Company, and MANUEL A.
GONZALEZ, M.D., individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, JUAN SOLANO (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, STRONGHEALTH NETWORK PLLC, a Florida Limited Liability Company, BLUELAGOON TRANSPORTATION LLC, a Florida Limited Liability Company, and MANUEL A. GONZALEZ, M.D., individually (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a medical practice with specialized heart and vascular centers at multiple locations including in Miami-Dade County at 815 NW 57 Avenue, Suite 130, Miami, Florida 33126, as well as in Broward County at 1586 East Commercial Boulevard, Oakland, Park, Florida 33334, and in Palm Beach County at 12453 Hagen Ranch Road, Suite 102, Boynton Beach, Florida 33437, see http://www.heartandvascularcenters.com.

3. At all times material to this Complaint, Defendants, STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC, directly or indirectly, acted

1

in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated to him.  Alternately, Defendants, STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to him.  As a second alternative, Defendants, STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated employees because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to him.  As a final alternative, Defendants, STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to him.

4.   Defendant, MANUEL A. GONZALEZ, M.D., has at all times material to this Complaint owned and managed STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC and Defendant GONZALEZ has regularly exercised the authority to

hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC.  By virtue of such control and authority, Defendant GONZALEZ is an employer of Plaintiff and the other employees of STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

5. Plaintiff brings this action on behalf of himself[1] and other current and former employees of Defendants similarly situated to Plaintiff who have worked as drivers, a/k/a patient employees, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b). It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7. A substantial part of the events giving rise to this action occurred in Miami-Dade, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

8. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or

---

[1] Attached hereto is a signed Consent to Join of JUAN SOLANO.

produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC have employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with medical equipment—such as, catherization, catheters, and other instruments—which were all goods and/or materials moved in or produced for commerce; (b) handled, worked with, and/or sold medical supplies which were all goods and/or materials moved in or produced for commerce; (c) handled and worked with office equipment such as computers and telephones, and supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; (d) drove medical vans which were goods and/or materials moved in or produced for commerce; and (e) processed and participated in electronic bank transfers as well as insurance other financial electronic transactions across State lines between Florida and other States as well as outside the United States.

9. Based upon information and belief, the annual gross sales volume of STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC, individually and/or collectively, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

10. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, STRONGHEALTH NETWORK PLLC and BLUELAGOON TRANSPORTATION LLC have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. In numerous work weeks during the three (3) year statute of limitations period between approximately September 2016 and July 2019, Plaintiff worked for Defendants as a driver, a/k/a patient transportation employee, based at Defendants' facility at 815 NW 57 Avenue, Suite 130, Miami, Florida 33126, with Plaintiff's primary duties that consisted of the following non-exempt tasks: (a) driving a medical transportation van for Defendants' medical practice; (b) transporting patients and blood products; and (c) cleaning beds and performing other manual labor in the facility for Defendants.

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt drivers, a/k/a patient transportation employees, however variously titled, who have worked for Defendants in one or more weeks between September 2016 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

13. During numerous work weeks within the three (3) year statute of limitations period between approximately September 2016 and July 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants while performing non-exempt work as a driver a/k/a patient transportation employee, for Defendants.

14. Likewise, the other employees of Defendants who are similarly situated to Plaintiff have regularly worked as non-exempt drivers, a/k/a patient transportation employees, however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between September 2016 and the present.

15. However, Defendants have failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated non-exempt drivers, a/k/a patient transportation employees, however variously titled, for all of their actual overtime hours worked

during multiple work weeks within the three (3) year statute of limitations period between September 2016 and the present.

16. The primary job duties performed by Plaintiff and the other similarly situated drivers, a/k/a patient transportation employees, however variously titled, for Defendants between September 2016 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

17. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated drivers, a/k/a patient transportation employees, however variously titled, for Defendants between September 2016 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administrative operations.

18. Instead, Plaintiff and the other similarly situated drivers, a/k/a patient transportation employees, however variously titled, have devoted the majority of their working time for Defendants within the three (3) year statute of limitations period between September 2016 and the present to performing manual labor and other ministerial and clerical tasks for Defendants.

19. Finally, the primary duties of Plaintiff and the other similarly situated drivers, a/k/a patient transportation employees, however variously titled, for Defendants during the three (3) year statute of limitations period between September 2016 and the present *was not* management of any department(s) or job sites of Defendants, and Plaintiff and the other drivers, a/k/a patient transportation employees, however variously titled, had no authority for and did not regularly interview, hire, discipline, or fire employees of Defendants.

20.     During the three (3) year statute of limitations period between approximately September 2016 and July 2019,[2] Plaintiff regularly worked Monday through Friday for Defendants, with start times as early as approximately 5:00 a.m. and stop times between approximately 6:000-7:00 p.m. to as late as 11:00 p.m.

21.     However, Defendants failed to pay time and one-half wages for all of the hours that Plaintiff and other drivers, a/k/a patient transportation employees, however variously titled, worked in excess of Forty (40) hours per week in numerous work weeks during the three (3) year statute of limitations period between September 2016 and the present as required by the Fair Labor Standards Act.

22.     Subject to discovery and Defendants paying Plaintiff based upon a regular rate of $15.00 per hour between approximately September 2016 and September 2018, Plaintiff estimates that he is owed approximately **$37,687.50** in unpaid overtime wages from Defendants based upon: (a) an average of approximately Twenty-Five (25) uncompensated overtime hours per week during a total of approximately Sixty (60) work weeks between approximately September 2016 and December 2017 if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $22.50 per hour, Plaintiff's unpaid overtime wages for this period total approximately $33,750.00 [$22.50/hour x 25 OT hours/week x 60 weeks = $33,750.00]; and (b) an average of an average of approximately Five (5) uncompensated overtime hours per week during a total of approximately Thirty-five (35) work weeks between approximately January 2018 and October 2018 at the time and one-half rate of $22.50 per hour, Plaintiff's unpaid overtime wages for this period total approximately $3,937.50 [$22.50/hour x 25 OT hours/week x 35 weeks

---

[2] Plaintiff did not consistently work in excess of Forty (40) hours per week between approximately October 2018 and the end of his employment in July 2019.

= $3,937.50] [$33,750.00 + $3,937.50 = $37,687.50].

23.     Based upon information and belief, Defendants failed to create and maintain contemporaneous, accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated drivers, a/k/a patient transportation employees, however variously titled, during each work week between September 2016 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7), but records of some of the hours worked by Plaintiff and the other similarly situated employees are in the possession, custody, and control of Defendants.

24.     Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated drivers, a/k/a patient transportation employees, however variously titled, during each week between September 2016 and the present but Defendants willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff and other drivers without the overtime compensation required by the FLSA, 29 U.S.C. §207.

25.     The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated drivers, a/k/a patient transportation employees, however variously titled, at any location between September 2016 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

26.     Plaintiff, JUAN SOLANO, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

27.     Plaintiff is entitled to be paid time and one-half of his applicable regular rates of

pay for each hour he worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately September 2016 and July 2019.

28. All similarly situated non-exempt drivers, a/k/a patient transportation employees, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between September 2016 and the present.

29. Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt drivers, a/k/a patient transportation employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between September 2016 and the present.

30. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other drivers, a/k/a patient transportation employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between September 2016 and the present based upon, *inter alia*, Defendants: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other drivers; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

31. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus

incurring costs and reasonable attorneys' fees.

32. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated drivers, a/k/a patient transportation employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

33. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

34. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JUAN SOLANO and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, STRONGHEALTH NETWORK PLLC, BLUELAGOON TRANSPORTATION LLC, and MANUEL A. GONZALEZ, M.D., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  September 10, 2019           Respectfully submitted,

                           By:  **KEITH M. STERN**
                                Keith M. Stern, Esquire
                                Florida Bar No. 321000
                                E-mail:  employlaw@keithstern.com

LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **StrongHealth Network PLLC, Bluelagoon Transportation LLC, and Manuel A. Gonzalez**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____
Juan Solano

Juan Solano